UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 4603 |
| | ) | |
| SPORTS AUTHORITY and | ) | |
| TSA STORES INC., and | ) | |
| UNNAMED EMPLOYEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant TSA Stores, Inc's., doing business as Sports Authority ("TSA"), motion to dismiss Plaintiff Michael Wallace's ("Wallace") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

According to the allegations of the complaint which we accept as true for purposes of this motion, *Warth v. Seldin*, 422 U.S. 490, 501 (1975), on March 4, 2011, Wallace walked into a retail establishment owned and maintained by TSA. He was assisted by a Sports Authority employee (the "TSA employee") in the usage and demonstration of a fitness resistance band. The employee attached both sides of the band to the left and right of a grip handle specifically designed for use with the band.

When Wallace attempted to stretch the fitness cable, the cable detached from the handle and struck Wallace on the left side of his head and face. The impact caused a cut on his conjunctiva and eye and a severe contusion on the left eye socket. Wallace was diagnosed with severe blurred vision and constant headaches. Wallace alleges that the TSA employee negligently assembled the resistance band which was not suitable for demonstration.

Wallace brought suit against TSA alleging that TSA knew or should have known that the resistance band was not properly assembled and not fit for use, and that TSA should have inspected and tested the product prior to allowing a customer to use it. TSA now moves to dismiss the products liability count.

To survive a Rule 12(b)(6) motion, a complaint must overcome "two easy-to-clear hurdles:" (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must plausibly suggest that the plaintiff has the right to relief, raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted). Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks omitted). The

court must "take the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

TSA seeks dismissal of Wallace's strict product liability count. In Illinois, a strict liability tort action may be premised either upon a defective condition inherent in the product which makes it unreasonably dangerous, or the defendant's failure to warn of a product's dangerous characteristics. *Kurrack v. Am. Dist. Tel. Co.*, 625 N.E.2d 675, 679 (Ill. App. Ct. 1993). If the claim is premised upon a defective product, a plaintiff must plead that "his injuries stemmed from the unreasonably dangerous or defective condition of the product and that the condition existed at the time the product left the manufacturer's control." *Id*. at 679-80. If the action is premised upon a failure to warn, a plaintiff must plead that "the defendant seller knew or should have known of the dangers posed by its product and that the dangerous aspect of the product caused the injury." *Id*. Plaintiff Wallace's complaint does not set forth allegations that would establish a strict product liability claim against TSA. Wallace does not allege that his injuries were caused by the unreasonably dangerous or defective condition of the resistance band. Nor does he allege that TSA knew and failed to warn him of any physical characteristics that made the product unreasonably dangerous. Wallace only alleges that the TSA employee negligently assembled the product. Whether the

employee correctly followed the instructions during the assembly process is a question of negligence, not of product liability. *Willyard v. Wal-Mart Stores, Inc.*, No. 09 C 295, 2010 WL 487080 (S.D. Ill. Feb. 8, 2010). Wallace's allegations are therefore insufficient to give TSA fair and adequate notice of a strict product liability claim.

In addition, Wallace may not supplement the allegations of his complaint through a brief filed in response to a motion to dismiss. If Wallace wishes to assert a product liability claim, he must amend the complaint. Accordingly, the motion to dismiss Wallace's product liability count is granted.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: August 25, 2011