Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4603 | **DATE** | January 10, 2012 |
| **CASE TITLE** | Wallace vs. Sports Authority | | |

**DOCKET ENTRY TEXT**

Defendants' motion (Doc [16]) to dismiss for lack of prosecution is denied as moot. Plaintiff's motion (Doc [18]) to reopen his case is denied without prejudice. Ruling set for 1/11/2012 is stricken.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

This matter comes before the Court on Plaintiff Michael Wallace's ("Wallace") motion to reopen his case and Defendant TSA Stores, Inc.'s ("TSA") motion to dismiss for lack of prosecution. For the reasons stated below, TSA's motion is denied as moot, and Wallace's motion is denied without prejudice.

On May 18, 2011, Wallace filed suit against TSA in Illinois state court for injuries he sustained while using a fitness resistance band in a Sports Authority store owned and operated by TSA. On July 7, 2011, TSA removed the case to federal court and filed a motion to dismiss for failure to state a claim. The parties fully briefed TSA's motion to dismiss, which was granted on August 25, 2011. In its Order dismissing Wallace's complaint (the "Order of Dismissal"), the Court determined that Wallace failed to state a products liability claim. The Court further noted that Wallace could not use statements in his brief to supplement his complaint, but that "if [he] wishes to assert a product liability claim, he must amend the complaint."

TSA subsequently filed a motion to dismiss for failure to prosecute. However, the Court had already granted TSA's motion to dismiss for failure to state a claim on August 25, 2011. This dismissal resulted in a final disposition of Wallace's claim, and TSA's motion to dismiss for lack of prosecution is therefore moot. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (holding that a case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (internal citations omitted)).

On October 20, 2011, Wallace filed an Amended Complaint and a motion to reopen the case. However, Wallace does not cite to any rule or legal principle to support his motion. Rather, Wallace relies solely on the Court's statement in its Order of Dismissal that "if Wallace wishes to assert a product liability claim, he must amend the complaint." Wallace misinterprets this statement. The Court did not grant Wallace leave to amend his complaint but only stated that Wallace could not supplement the allegations of his complaint through a brief

| ORDER |
|---|

and that an amended complaint would be the proper vehicle for him to do so. Wallace failed to request either leave to amend his complaint or any other relief from the Court's Order of Dismissal. Because Wallace has not provided the Court with any other grounds upon which he bases his motion to reopen the case, his motion is denied without prejudice, in light of the apparent misinterpretation of our Order of Dismissal.

     In light of the foregoing, TSA's motion to dismiss for failure to prosecute is denied as moot, and Wallace's motion to reopen his case is denied without prejudice.

Date:  January 10, 2012

*[signature: Charles P. Kocoras]*
**CHARLES P. KOCORAS**
**U.S. District Judge**